

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St , N W*
*Washington, D C   20530*

July 18, 2007

**FILED**

**AUG 2 2 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BY FAX
David Bos, Esq.
Federal Public Defender Service
625 Indiana Ave., NW
Suite 550
Washington, D.C.  20004

      Re: U.S. v. Jacobo Diaz-Garcia
         CR 07-179

Dear Mr. Bos:

    This letter sets forth the plea agreement this Office is willing to enter into with your client, Jacobo Diaz-Garcia, (the "defendant" or "your client").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me.  Upon our receipt of the executed document, this letter will become the plea agreement.  The terms of the agreement are as follows:

    1. **Charges**. Your client agrees to plead guilty to Unlawful Reentry of an Alien following a Felony Conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1), an offense which will be charged in an Information to be filed in the United States District Court for the District of Columbia.

    2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 8 U.S.C. § 1326(b)(1), the federal charge carries a maximum penalty of 10 years of imprisonment, a maximum fine of $250,000, or both, and a maximum period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2).

    In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing.  See 18 U.S.C. § 3013.

3. **Factual Stipulations**. Your client agrees that the attached "Factual Proffer" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Factual Proffer as a written proffer of evidence.

4. **Release/Detention and Actions Pending Sentencing.** Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

5. **Sentencing**. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2006 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

**Unlawful Reentry of an Alien Following Felony Conviction**

Estimated Base Offense Level = §2L1.2(a) = 8

Specific Offense Characteristics

§2L1.2(b)(1)(D) - Prior felony conviction     + 4

6. **Adjustment for Acceptance of Responsibility**. Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

Nothing in this agreement limits the right of the government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the government at the time of the signing of this agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

7. **Guideline Departures**. The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek or suggest that the Court consider such a departure.

8   **Court Not Bound by the Plea Agreement or the Non-Mandatory Sentencing Guidelines**. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable base offense level and specific offense characteristics, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Sentencing Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense(s) authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

9. **Reservation of allocution and parties' agreement regarding allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing in the federal charge. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that Guidelines Range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range the Defendant should be sentenced.



In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

10. **Deportation**. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement.

11. **Interpretor**. Your client agrees that if an interpreter is required to assist your client in translating this Plea Agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Plea Agreement and related documents for the your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Plea Agreement.

12. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

13. **Waiver of Statute of Limitations**. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

14. **Waiver of Right to DNA Testing**. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

15. **Complete Agreement**. No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

Jeffrey A. Taylor,
United States Attorney

Frederick W. Yette,
Assistant U.S. Attorney

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty because I am guilty of the criminal offense to which I am entering a guilty plea.

8.22.07
Date

Jacobo Diaz-Garcia

### Defense Counsel's Acknowledgment

I am the defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

8.22.07
Date

David Bos, Esq.,
Counsel for Mr. Pritchard